IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEXANDER J. WILLIAMS,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security

    Defendant.

_____

Civ. No. 6:16-cv-01543-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff, Alexander J. Williams, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income under Title XVI of the Social Security Act. The Commissioner has moved to dismiss Plaintiff's action as untimely. The Court agrees that this action was commenced after the prescribed sixty-day statutory window for seeking judicial review. Nevertheless, because the Commissioner failed to raise the statute of limitations in its Answer, it has been waived as an affirmative defense. The Commissioner's Motion to Dismiss is therefore DENIED.

## BACKGROUND

Plaintiff filed his Complaint on July 29, 2016. The action followed an adverse decision by an Administrative Law Judge and denial of Plaintiff's request for review by the Appeals Council of the Office of Disability Adjudication and Review. Tr. 1-4, 10-24. In its Notice of Denial of Review, the Appeals Council informed Plaintiff and his then-attorney, Richard Sly, that the time for filing a civil complaint would expire sixty days after Plaintiff's receipt of the

1 – OPINION AND ORDER

notice unless Plaintiff expressly requested additional time from the Appeals Council. Tr. 2. The notice also informed Plaintiff that, absent a showing to the Appeals Council that it had been received later, there was a presumption that he had received the notice five days after the date listed thereupon. Tr. 2. Under that presumption, Plaintiff's Complaint was due by July 27, 2016.

The parties do not dispute that Plaintiff's Complaint was filed sixty-seven days after the date on the Appeals Council notice. Pl.'s Resp. 2. Although Plaintiff's new attorney, Richard McGinty, contacted the Commissioner regarding the issue of timeliness *after* Plaintiff had already filed his Complaint, the record does not reflect a clear request by Mr. McGinty or assent by the Commissioner with respect to an extension of time to commence the present action. McGinty Decl. Ex. 2. This fact notwithstanding, the Commissioner filed an Answer to Plaintiff's Complaint on February 17, 2017, in which it admitted Plaintiff's allegation that his action was commenced within the appropriate window for judicial review. Def.'s Answer ¶ 1. It was only after Mr. McGinty contacted the Commissioner a *second* time with concerns about the timeliness of Plaintiff's Complaint that the Commissioner filed its Motion to Dismiss on August 2, 2017. *See* McGinty Decl. Ex. 3. That motion is now before the Court.

## DISCUSSION

The Commissioner has waived the statute of limitations as an affirmative defense. Plaintiffs must initiate judicial review of an adverse final decision by the Commissioner "within sixty days after the mailing . . . of such decision or within such time as the Commissioner may allow." 42 U.S.C. § 405(g). Although not framed as such in the Social Security Act, the Supreme Court has construed this sixty-day filing period as a statute of limitations, not a jurisdictional requirement. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Under the Federal Rules of Civil Procedure, a statute of limitations is an affirmative defense which must be

raised in a defendant's answer. Fed. R. Civ. P. 8(c)(1). If a statute of limitations, like any other affirmative defense, is not asserted in a defendant's answer, then it is forfeited and cannot later be raised. *Wood v. Milyard*, 566 U.S. 463, 470 (2012). This general rule applies equally in civil actions under the Social Security Act. *Weinberg v. Salfi*, 422 U.S. 749, 764 (1975).

In the present case, the Commissioner failed to assert the statute of limitations as an affirmative defense in its Answer. To the contrary, it actually *admitted* Plaintiff's allegation that the Complaint was timely filed. Def.'s Answer ¶ 1 ("Defendant admits the allegations in Paragraph[ ] 1 . . . of the Complaint"); *see also Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005) (holding that, like a stipulation, an admission in an answer "constitutes a binding judicial admission"). The issue of timeliness was raised for the first time in the Commissioner's Motion to Dismiss. Under Federal Rule of Civil Procedure 8(c), this failure to affirmatively plead the statutory time limitation constituted a waiver of that defense. The Commissioner's attempt to raise the statute of limitations for the first time in its Motion to Dismiss is therefore futile. It is a simple application of Federal Rule of Civil Procedure 8(c) to conclude that the Commissioner's Motion to Dismiss must be denied.

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Dismiss is DENIED.

It is so ORDERED and DATED this 14th of November, 2017.

    _s/Michael J. McShane_
    Michael J. McShane
    United States District Judge